IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02138-BNB

RENÉ JACQUES LAPOINTE,

    Plaintiff,

v.

J. OLIVER, Warden,
PLILIAR, Assistant Warden, and
DR. ALLRED, Primary Care Provider,

    Defendants.

---

ORDER DENYING REQUEST FOR RETURN OF FILING FEE AND
GRANTING EXTENSION TO FILE THIRD AND FINAL AMENDED COMPLAINT

---

    This matter is before the Court on the letter that Plaintiff, René Jacques Lapointe, filed *pro se* on November 10, 2014 (ECF No. 13), asking to withdraw his second amended Prisoner Complaint (ECF No. 11) and for the return of the $400.00 filing fee he paid in this action.

    Mr. Lapointe is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Lapointe initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) for injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    On August 1, 2014, the Court entered an order (ECF No. 5) directing Mr. Lapointe to file an amended Prisoner Complaint on the Court-approved Prisoner Complaint form that complied with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure and alleged the personal participation of each named Defendant. On August 12, 2014, Mr. Lapointe filed an amended Prisoner Complaint that was not on the Court-approved form. On August 26, 2014, the Court entered a minute order (ECF No. 8) noting that the August 12 amended Prisoner Complaint failed to comply with the August 1 order, directing that the clerk of the Court mail to Mr. Lapointe the Court-approved form for filing a Prisoner Complaint, and allowing Plaintiff thirty days in which to file an amended Prisoner Complaint as directed in the August 1 order. On September 25, 2014, Mr. Lapointe filed a second amended Prisoner Complaint (ECF No. 11).

On October 9, 2014, the Court entered an order (ECF No. 12) directing Mr. Lapointe to file within thirty days a third and final amended Prisoner Complaint on the Court-approved form that alleged the personal participation of each named Defendant and complied with the Fed. R. Civ. P. 8 pleading requirements. On November 10, 2014, instead of filing a third and final amended Prisoner Complaint as directed, Mr. Lapointe filed the letter asking to withdraw his second amended Prisoner Complaint (ECF No. 11) and for the return of the $400.00 filing fee he paid in this action.

The request for the return of the $400.00 filing fee Mr. Lapointe paid will be denied. Mr. Lapointe fails to cite to any authority, and the Court is not aware of any, that allows the return of a paid filing fee in a civil action. Even if the Court had granted Mr. Lapointe leave to proceed pursuant to 28 U.S.C. § 1915 he still would owe the $400.00 filing fee in full. Section 1915(b) states that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Furthermore, under § 1915, payment of the filing fee is not

conditioned on whether the litigant opts to continue prosecuting an action.

Normally, because Mr. Lapointe is not represented by an attorney, the Court would construe the November 10 letter liberally as a notice of voluntary dismissal. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Lapointe "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by Defendants in this action. Pursuant to Fed. R. Civ. P. 41(a)(1)(B), the dismissal is without prejudice, unless otherwise stated. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

However, although the Court will deny Mr. Lapointe's request to return the $400.00 filing fee he paid to pursue this action, he will be allowed fifteen days from the date of this order in which to file the third and final amended Prisoner Complaint as directed, or notify the Court in writing that he wishes to dismiss the instant action voluntarily. Failure to do so within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that the request of November 10, 2014 (ECF No. 13), by Plaintiff,

3

René Jacques Lapointe, for the return of the $400.00 filing fee paid in this action is denied. It is

FURTHER ORDERED that Plaintiff's request in the November 10 letter to withdraw the second amended Prisoner Complaint (ECF No. 11) is denied at this time. It is

FURTHER ORDERED that Plaintiff will be allowed **fifteen (15) days from the date of this order** in which to file a third and final amended Prisoner Complaint that complies with the order of October 9, 2014 (ECF No. 12), or notify the Court in writing that he wishes to dismiss the instant action voluntarily. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, a copy of the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, to be used in submitting the third and final amended Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff's failure within the time allowed to file a third and final amended Prisoner Complaint as directed or notify the Court in writing that he wishes to dismiss this action voluntarily will result in the dismissal of the instant action. The dismissal will be without prejudice.

DATED November 12, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge